WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Gregory Allen Stanhope,
         Petitioner,

v.

Dora B. Schriro, et al.,
         Respondent,

CV 07-02 TUC DCB

**O R D E R**

This Court finds that the Magistrate Judge's Report and Recommendation (R&R) properly sets out and applies the relevant law for determining the Petition for Writ of Habeas Corpus filed on January 3, 2007. The R&R is adopted as the Opinion of the Court, except this Court finds an evidentiary hearing to be unnecessary at this time. Instead, Respondent may submit *en camera* the reasons it refused to call the witnesses requested by the Petitioner at his disciplinary hearings.

On October 12, 2007, this case was referred to Magistrate Judge Charles R. Pyle for all pretrial proceedings and the R&R in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice of the United States District Court for the District of Arizona (Local Rules).

The Petition being fully briefed, Magistrate Judge Pyle filed a R&R on March 7, 2008, recommending *en camera* review related to disciplinary action, 03-C25-0052 (Ground I of the Petition), an evidentiary hearing related to disciplinary actions 04-403-745 and 04-403-746 (Ground II of the Petition), and dismissal of Petitioner's claims related to his Security Threat Group (STG) Classification (Grounds III-VII). Pursuant to 28 U.S.C. § 636(b), the parties have filed objections to the R&R.

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C). To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

**STATEMENT OF THE CASE**

In 2003 and 2004, three prison disciplinary actions were resolved against Stanhope, resulting in a loss of 120 days of earned release credits (ERCs). Petitioner complains that he was not allowed to call live witnesses at these proceedings. Instead he presented written questions, and witnesses responded in writing with nonresponsive answers. Also, Stanhope challenges Respondent's classification of him as a member of the Aryan Brotherhood Security Threat Group (STG).

The Magistrate Judge conducted a detailed examination of the record, which establishes that Stanhope exhausted his administrative and state remedies on all these matters, except for claims related to Captain Erickson's alleged failure to produce exculpatory evidence that the alleged victim was not injured and in fact initiated the incident. This question is, therefore, preempted by Petitioner's failure to raise it in the state courts.

The Magistrate Judge recommends that this Court find the Petitioner's constitutional right to call witnesses at his disciplinary hearings may have been violated and afford the Respondent an opportunity to explain the reasons for refusing to call the requested witnesses. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). The same due process rights apply to a prisoner's request to see evidence that he intends to present in his favor. *Id.* Here, Petitioner was denied both rights, without any reasons being given at the administrative hearings. Respondent may provide its reasons now in connection with this legal challenge, which may be presented *in camera*. *Ponte v. Real*, 471 U.S. 491, 497 (1985).

**RESPONDENTS' OBJECTIONS: GROUNDS ONE AND TWO**

The Respondents complain that Petitioner belatedly identified some of the witnesses he sought to call because he attached witness questionnaires to his Reply brief in this case. Nevertheless, as the Magistrate Judge correctly found, the constitutional issue of his right to call live witnesses at his disciplinary hearings was raised and addressed by the State Court of Appeals. The Respondent complains that the Magistrate Judge mis-characterized Sgt. Barry's written answers as non-responsive, but this is not relevant unless the Respondent establishes a reason for disallowing Sgt. Barry's appearance at the disciplinary hearing.

In the event it becomes an issue, the Court finds that Sgt. Barry's answers that he didn't know the victim's condition after the assault because he is not a doctor, reflect that Sgt. Barry did see the victim, otherwise, he simply would have responded that he did not know. The Court agrees that if Stanhope was capable of recognizing that the victim's injuries were life threatening so as to require him to report them, Sgt. Berry is equally capable of recognizing life threatening injuries. Neither are doctors, but both are capable of forming lay opinions regarding life threatening injuries. Additionally, the answer "You lied" is meaningless in respect to the charge that Stanhope was aware the victim had life threatening injuries and failed to report this to staff. *Id.*

**PETITIONER'S OBJECTIONS: GROUNDS THREE THROUGH SEVEN**

Petitioner objects to the Magistrate Judge's conclusion that there is no protected liberty interest in ERCs forfeited because of his STG classification. Petitioner reurges his arguments.

The Court agrees with the Magistrate Judge's assessment that A.R.S. § 41-1604.07(C) (1980), places sole discretion in the prison director to forfeit ERCs based on prisoner classifications such as STG and to return such ERCs to a prisoner. Since there is no protected liberty interest in the forfeiture or return of these ERCs, "regardless of failures to call 'witness or consider address books of other validated Aryan Brotherhood members,' no violation of due process occurred in the STG validation process." (R&R at 23-25.) The Director's Order 806 which establishes the validation process for STG classification is not an *ex post facto* change because it simply institutionalizes the exercise of the Director's discretion.

- 3 -

As to Petitioner's complaint that his STG classification was in retaliation for legal work he performed for Aryan Brotherhood members, as the Magistrate Judge explained, "[t]he time delay is fatal to this claim." *Pratt v. Rowland*, 65 F.3d 802 99th Cir. 1995)."  (R&R at 27-28.) Retaliation requires Petitioner to show that his legal work for Aryan Brotherhood members was a substantial or motivating factor in the Respondent's validation of his STG membership.  Here, his constitutionally protected activities merely served as evidence of his Aryan Brotherhood membership in the same way his right to free speech could be used against him, if he declared his allegiance to the Aryan Brotherhood.

**CONCLUSION**

Respondent must establish two things: 1) the disciplinary hearing officer made individualized case specific inquiries into Petitioner's requests to call witnesses at his disciplinary hearings, and 2) refused to call a requested witness based on a reasonable determination that the witness was either irrelevant, unnecessary, or posed a hazard to institutional safety or correctional goals.

As the Magistrate Judge explained the denials to call the inmate witnesses in 03-C25-0052 met these two criteria.  Also, the decision to not call Sgt. Hoyt met these criteria because she could not recall when she had changed the Inmate Disciplinary Report and, further, the procedural questions Stanhope proposed to ask Sgt. Hoyt pertained to his due process interest in receiving notice of the disciplinary hearing, which was met.  Consequently, Respondent need only explain the refusal to call Sgt. Barry to testify at the disciplinary hearing in 03-C25-0052. In the event there is no justification for refusing Petitioner's request to call Sgt. Barry, Respondent shall restore the 60-days ERCs forfeited in connection with this proceeding.

This Court agrees with the Magistrate Judge's conclusion that Petitioner requested witnesses to be called in relation to the two disciplinary actions, 04-403-0745 and 04-403-0746, which were denied without explanation.  Also, without explanation, Stanhope was denied permission to see two notes he allegedly wrote, which were used against him in the disciplinary proceedings.  In the event there are no penological reasons to have precluded the requested

witnesses from testifying or to have denied Stanhope his right to see the notes, Respondent shall restore the 60-days ERCs forfeited in connection with them.

The burden on the Respondent is not heavy. "The right to call witnesses is a limited one. *Ponte*, 471 U.S. at 499 (citing *Wolff*, 418 U.S. at 566). A disciplinary proceeding is not the same as a criminal proceeding, and the right to present evidence, basic to a fair hearing, is necessarily circumscribed by the penological need for swift discipline in individual cases and the "very real dangers" from prison life that can be directed at staff or other inmates. *Id.* at 495. These limitations are significant, and this court "'[shall] not be too ready to exercise oversight and put aside the judgment of prison administrators.'" *Id.* at 499 (quoting *Wolff*, 418 U.S. at 566).

"'Prison officials must have the necessary discretion to keep the hearing within reasonable time limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. . . .'" *Id.* at 496 (quoting *Wolff*, 418 U.S. at 566). Consequently, a constitutional challenge to a disciplinary hearing will rarely, if ever, be successful. Nevertheless, the burden remains on the prison officials to explain how calling a requested witness is either irrelevant, unnecessary or a hazard to institutional safety or correctional goals. This may be done in connection with a legal challenge *in camera*. *Id.* at 499-500.

After *de novo* review of the issues raised in the parties' objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his Report and Recommendation for determining the Petition for Writ of Habeas Corpus.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Grounds Three through Seven are DISMISSED.

1  **IT IS FURTHER ORDERED** that the Respondent shall file *in camera* the reasons for
2  denying the Petitioner's requests for witnesses to testify at the disciplinary hearings and for
3  denying Petitioner's request to see the two notes.

4  **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus shall be
5  decided upon the supplemental *in camera* filing by the Respondent. There shall be no Response
6  by Petitioner, unless the Court requests one.

7  **IT IS FURTHER ORDERED** WITHDRAWING THE REFERENCE from Magistrate
8  Judge Pyle.

9  DATED this 28th day of April, 2008.

David C. Bury
United States District Judge