WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Allen Stanhope,  )<br>    Petitioner,  )<br>v.  )<br>Dora B. Schriro, et al.,  )<br>    Respondent,  )<br>_____) | CV 07-02 TUC DCB<br><br>**O R D E R** |

On April 29, 2008, this Court ordered the Respondent to provide, *in camera*, the reasons it refused to call the witnesses requested by the Petitioner at his disciplinary hearings and why he was not allowed to see notes that were used against him.

On June 5, 2008, the Respondent made its *in camera* disclosure. The Court incorporates, here, the Magistrate Judge's findings of law and fact set out in the Report and Recommendation and this Court's Order issued on April 29, 2008.

After an *in camera* review of Respondents reasons for disallowing certain witnesses and for not allowing the Petitioner to see the notes, the Court finds as follows:

**1.   Ground One - Disciplinary Report No. 03-C25-0052.**

Sgt. Barry explained the context of his responses to the Petitioner's questions. In response to questions concerning the victim's condition after the incident, Sgt. Barry meant he had not personally seen the victim when he said, "I don't know, I'm not a doctor." In response to questions concerning information Sgt. Barry received from witnesses, specifically other inmates, Sgt. Barry meant that he would not divulge information that might allow the Respondent to identify such witnesses and retaliate against them, when he said, "none of your business."

The Supplemental filing by Respondent is not responsive in respect to the reason the hearing officer refused to call Sgt Barry to give live testimony at the disciplinary hearing.

Sgt. Barry was the investigating officer for disciplinary ticket No. 03-C25-0052. He did not personally observe the inmate victim, but the investigation included reports prepared by officers in attendance that reflected the victim's face was swollen and bruised, that he was unresponsive, and that Tucson Fire Department paramedics determined that the victim should be transported to UMC's trauma unit. (Supplement, Ex. A: Barry Affidavit.)

As the investigating officer, Sgt. Barry had information relevant to the case. Because there is no penological reason given by the Respondent for not calling this witness, the Court can only conclude that he should have been called to testify at the disciplinary hearing.

The due process violation may be corrected by either restoring the 60-days ERCs forfeited in connection with this proceeding or affording the Petitioner a new hearing.

**1.     Ground Two - Disciplinary Report Nos. 04-403-745 and 04-403-746.**

Petitioner requested witness statements from COII McNatt, COII Staats, and inmates Foy (the victim), Conway (the assailant), and Hatfield. (R&R at 14-15 (citing Petition at 6)). As explained in this Court's April 29, Order, the inmate victims were disallowed for penological reasons. COII McNatt filed written responses that were detailed and thorough. According to Petitioner's administrative appeal, COII McNatt was the investigating officer, the reporting officer, and also testified at the hearing. (Supplement, Ex. B(2) at 13, 20.)

The Petitioner complains that the hearing officer refused to call COII Staats, especially because Officer Staats refused to complete written responses. (Supplement, Ex. B: Roerink Declaration at 5, Ex. B(2): Appeal at 15.) The record is, however, to the contrary. COII Staats did complete a witness questionnaire, *id.*, Ex. B(2) at 9, which reflects he had no involvement in the investigation of the incident that was the subject of this disciplinary hearing. Since COII Staats would not have any relevant evidence to the investigation, Respondent refused to call him as a witness.

Review of the administrative record reflects that the Petitioner had several complaints regarding the handwritten notes that were used as evidence of his involvement in the assault on

- 2 -

inmate Foy, (Supplement, Ex. B(2) at Issues ## 6, 9, 10-13), but he never complained that he was denied permission to see the notes. Instead, his complaints reflect he had access to the notes and read them. (See Appeal to Disciplinary Hearing Officer at Issue 9 ("If you take the wording of the 'Note" as true, it in itself does not state that any stamps or money is being collected from any inmates at all, in fact, it does not state that anything is being collected . . .?"); Issue 10 ("The note does not state any manner of the collection either, so there is no evidence or proof to support the allegation that even if it was true – stamps and money were being collected – that it was thru extortion and intimidation . . .. The note does not state "how" any such collection was to be . . . so even taken at face value, no proof was exhibited . . .,"); see also Appeal to Deputy Warden at Issue 12 (". . . even the Note itself does not state so or imply that . . ."); Issue 10 (The note – the only piece of evidence at all does not state or imply that extortion or intimidation was used to collect anything at all, . . ..""))

The Court finds that there was no due process violation in respect to these disciplinary proceedings.

**Conclusion**.

As the Court noted in its Order, issued April 29, 2008, the burden on the Respondent is not heavy. A disciplinary proceeding is not the same as a criminal proceeding, and Petitioner's right to present evidence is necessarily circumscribed by the penological needs for swift discipline in individual cases and safety. These limitations are significant, and this Court will not readily put aside the judgment of prison administrators for they need discretion to keep the hearing within reasonable time limits and to refuse to call witnesses that create a risk of reprisal or undermine authority. Consequently , a constitutional challenge to a disciplinary hearing will rarely, if ever, be successful. (Order, 4/29/08 at 5 (citations omitted.)

/////
/////
/////
/////
/////

- 3 -

The Court finds that Respondent has met its burden in respect to all of Petitioner's challenges except for Sgt. Barry. The Respondent fails to offer any explanation at all as to why it refused to call Sgt. Barry to testify at the disciplinary hearing.

**Accordingly,**

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is GRANTED IN PART AND DENIED IN PART.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Respondent's Supplement *in camera* brief UNDER SEAL.

DATED this 9th day of June, 2008.

David C. Bury
United States District Judge